**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Danny Brown, Jr., | No. CV-15-0514-TUC-JGZ (BGM) |
| Petitioner, | |
| v. | **REPORT AND RECOMMENDATION** |
| Charles L. Ryan, *et al.*, | |
| Respondents. | |

Currently pending before the Court is Petitioner Danny Brown's *pro se* Amended Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus by a Person in State Custody (Non-Death Penalty) (Doc. 7).[1] Respondents have filed a Limited Answer to Petition for Writ of Habeas Corpus ("Answer") (Doc. 19). Petitioner filed a Limited Reply to Respondent's Limited Answer to Petition for Writ of Habeas Corpus ("Reply") (Doc. 26). The Petition is ripe for adjudication. Also pending is Petitioner's Ademdum [sic] Motion to Grant Writ (Doc. 34).

---

[1] Petitioner filed a duplicate of his Amended Petition. *See* Amended Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus by a Person in State Custody (Non-Death Penalty) (Doc. 8). Because the two documents appear to be identical, and Petitioner did not have permission to file Second Amended Petition, the Court considers only his properly filed Amended Petition (Doc. 7).

Pursuant to Rules 72.1 and 72.2 of the Local Rules of Civil Procedure,[2] this matter was referred to Magistrate Judge Macdonald for Report and Recommendation. The Magistrate Judge recommends that the District Court deny the Amended Petition (Doc. 7) and grant in part and deny in part the Ademdum [sic] Motion to Grant Writ (Doc. 34).

## I.     FACTUAL AND PROCEDURAL BACKGROUND

### A.  *Initial Charge and Sentencing*

The Arizona Court of Appeal stated the facts[3] as follows:

> At around 3:15 on a December morning, a Tucson police officer initiated a stop after observing a vehicle driven by [Petitioner] Brown exceed the posted speed limit by fifteen miles per hour. The officer activated his emergency lights and siren, but Brown did not stop the vehicle immediately. Eventually, he made a "wide turn" and pulled over, striking and running over the curb with one tire.

> When the officer approached the driver's side of the vehicle, he noticed Brown had "[a] strong odor of intoxicants; watery, bloodshot eyes; [and] slurred and thick-tongued speech." Despite repeated requests by the officer, Brown refused to provide his license, registration, or insurance, "bec[ame] increasingly irate," and used racial slurs toward the officer. During this "rant," Brown said he wanted a lawyer and told the officer "[y]ou might as well just take me to jail." When Brown got out of the car, he "stagger[ed] and stumbl[ed]" and the officer had to "hold him up to keep him from falling over." Brown was arrested at 3:20 a.m. for failure to identify himself.

> Police officers took Brown to the police substation and at 4:10 a.m., read to him the admin per se/implied consent form.[2] After Brown refused

---

[2] Rules of Practice of the United States District Court for the District of Arizona.

[3] As these state court findings are entitled to a presumption of correctness and Petitioner has failed to show by clear and convincing evidence that the findings are erroneous, the Court hereby adopts these factual findings. 28 U.S.C. § 2254(e)(1); *Schriro v. Landrigan*, 550 U.S. 465, 473–74, 127 S.Ct. 1933, 1940, 167 L.Ed.2d 836 (2007); *Wainwright v. Witt*, 469 U.S. 412, 426, 105 S.Ct. 844, 853, 83 L.Ed.2d 841 (1985); *Cf. Rose v. Lundy*, 455 U.S. 509, 519, 102 S.Ct. 1198, 1204, 71 L.Ed.2d 379 (1982).

to give consent for a blood draw, an officer obtained a telephonic search warrant for a blood sample. Because Brown remained uncooperative and violent despite having been informed that officers had a search warrant, officers placed him in leg restraints and, after Brown submitted at around 5 a.m., two vials of his blood were drawn. Officers provided him with a vial for an independent test. Officers did not follow-up with Brown about his request for an attorney, and did not provide him the opportunity or means to call one.

Brown was charged with one count each of aggravated driving with a blood alcohol concentration (BAC) of .08 or more while his license was suspended (the "BAC" charge), aggravated driving under the influence of an intoxicant with a suspended license (the "DUI" charge), fleeing from a law enforcement vehicle, and aggravated assault on a peace officer.[] Before trial, he filed a motion to dismiss with prejudice the DUI and BAC counts and to suppress evidence obtained following the alleged violation of his right to counsel. After a hearing, the trial court denied both motions. It concluded that even if Brown had been denied the opportunity to consult with an attorney, there was "no nexus between the denial of the right to counsel and the drawing of the blood in this particular case."

Brown filed a motion for reconsideration, urging the trial court to revisit its ruling. The court, finding "good cause for further argument and reflection on [its] prior ruling," agreed to hear additional arguments and subsequently granted the motion to suppress evidence of Brown's refusal to submit to the blood test and the blood alcohol evidence obtained after Brown was denied an opportunity to speak with an attorney. The court denied Brown's motion to dismiss the DUI and BAC charges, concluding the violation of Brown's "right to counsel did not interfere with [his] ability to obtain exculpatory evidence because [he] had access to a separate test tube of his blood that [he] could have chosen to have independently tested." The state moved to dismiss the BAC charge and the court granted the motion.[]

---

[2] An admin per se/implied consent form informs detainees of the consequences under Arizona law of refusing to submit to and complete an officer's choice of scientific test for intoxication. See State v. Gaffney, 198 Ariz. 188, ¶ 3, 8 P.3d 376, 377 (App.2000); see also A.R.S. § 28-1321.

Answer (Doc. 19), Ariz. Ct. of Appeals, Memorandum Decision 8/27/2014 (Exh. "A") at

2–4 (first alteration added).

After a jury trial, Petitioner was found guilty of aggravated driving under the influence of an intoxicant with a suspended license.  *Id.* at 4 n.5.  On August 15, 2013, Petitioner was sentenced to a presumptive term of 4.5 years of incarceration in the Arizona Department of Corrections, with credit for two hundred thirty-five (235) days time served, followed by a term of community supervision.  Amended Petition (Doc. 7), Arizona Superior Court, Pima County, Case No. CR20124769-001, Minute Entry 8/15/2013 (Exh. "3") at 2.  The court advised Petitioner regarding his rights of appeal and provided him with written notice of those rights.  *Id.* at 3.

### B. Direct Appeal

On March 3, 2014, Petitioner filed his Opening Brief with the Arizona Court of Appeals.  Answer (Doc. 19), Appellant's Opening Br. 3/3/2014 (Exh. "B").  Petitioner presented the following issues on appeal:

> (1)  Did the trial court abuse its discretion in not dismissing the DUI charges after finding that the police had violated Appellant's right to counsel by not accommodating his request to contact his attorney, in addition to the trial court's proper remedies of precluding the blood test results and Appellant's refusal to voluntarily be tested[;] [and]
>
> (2)  Alternatively, assuming dismissal of the DUI counts was not required, did the trial court abuse its discretion in failing to suppress the non-blood test evidence collected after the violation of Appellant's right to counsel[.]

*Id.*, Exh. "B" at 1.

### 1. Motion to Dismiss the DUI Counts

Relying on the Arizona Rules of Criminal Procedure and Arizona state law, Petitioner asserted that "[t]he trial court correctly found here that the State did not show that allowing Appellant to consult with his attorney sometime in the 50 minutes between

his arrest and the admin per se advisement would have disrupted the investigation." Answer (Doc. 19), Appellant's Opening Br. 3/3/2014 (Exh. "B") at 8. Petitioner argued, however, that "Officer Szelewski's refusal to permit Appellant to contact his attorney at the outset of the investigation prevented him from collecting exculpatory evidence in addition to that provided by the second blood draw." *Id.* at 12. As such, Petitioner argued that "dismissal of the DUI counts was the appropriate remedy. *Id.* at 16.

### 2. Suppression of Non-Blood Evidence

Petitioner further asserted that even if the trial court's refusal to dismiss the DUI counts was proper, it was required to suppress "the non-blood test evidence collected after the violation of Appellant's right to counsel." Answer (Doc. 19), Exh. "B" at 17. Petitioner argued that "[t]he trial court properly suppressed evidence both of Appellant's refusal to submit to a blood test at the station and the results of the blood test that was ultimately taken at the station[;] . . . [h]owever, the trial court failed to also suppress other 'statements by and alleged observations of' Appellant at the station." *Id.*, Exh. "B" at 17–18 (citing *State v. Rosengren*, 199 Ariz. 112, ¶ 32, 14 P.3d 303, 313 (Ct. App. 2000)). Accordingly, Petitioner sought his Aggravated DUI conviction to be overturned, and the matter "remanded for a new trial at which all post-right-to-counsel-violation evidence will be precluded." *Id.*, Exh. "B" at 19.

### 3. Court of Appeals Decision and Subsequent Review

On August 27, 2014, the Arizona Court of Appeals affirmed Petitioner's conviction and sentence. Answer (Doc. 19), Ariz. Ct. App. Memorandum Decision 8/27/2014 (Exh. "A"). The court of appeals held that it "d[id] not agree that Rosengren

requires dismissal of the BAC and DUI counts." *Id.*, Exh. "A" at 8. The court concluded that "Brown was not denied the opportunity to gather exculpatory evidence such that the possibility of a fair trial was foreclosed, and the court did not err in refusing to dismiss the charges against him." *Id.* at 9 (citing *State v. Rosengren*, 199 Ariz. 112, ¶¶ 16, 35, 14 P.3d 303, 309, 313 (Ct. App. 2000)). The court further held that any evidence such as the arresting officer's testimony regarding Brown's demeanor while at the substation was harmless. *Id.* at 9–10. The court stated that "[t]o convict Brown of aggravated DUI, the state was required to demonstrate that Brown, while his driver's license was suspended, was in 'actual physical control of a vehicle . . . [w]hile under the influence of intoxicating liquor' and 'impaired to the slightest degree.'" *Id.*, Exh. "A" at 10 (citing A.R.S. §§ 28-1381(A)(1) and 28-1383(A)) (alterations in original). After reviewing Petitioner's pre-stop actions and behaviors, the court of appeals held that "[t]his evidence was sufficient to support Brown's conviction for aggravated driving under the influence." *Id.*, Exh. "A" at 11 (citing A.R.S. §§ 28-1381(A)(1) and 28-1383(A)). Accordingly, the court "conclude[d] beyond a reasonable doubt that any error in admitting the evidence obtained following the violation of Brown's right to counsel did not contribute to or affect the verdict." Answer (Doc. 19), Exh. "A" at 11 (citing *State v. Henderson*, 210 Ariz. 561, ¶ 18, 115 P.3d 601, 607 (2005)).

Petitioner did not seek review with the Arizona Supreme Court. On October 10, 2014, the Arizona Court of Appeals issued its Mandate. Answer (Doc. 19), Court of Appeals, State of Ariz., Mandate 10/10/2014 (Exh. "E").

. . .

### C. Post-Conviction Relief Proceeding

On October 14, 2014, Petitioner filed his Notice of Post-Conviction Relief ("PCR"). Answer (Doc. 19), Not. of PCR 10/14/2014 (Exh. "F"). On June 1, 2015, counsel for Petitioner filed a Notice of Completion of Post Conviction Review by Counsel; Request Extension of Time for Petitioner to File Pro Per Pursuant to Rule 32.4(C) and Order. *See* Answer (Doc. 19), Notice of Completion of PCR by Counsel (Exh. "G"). Pursuant to *Montgomery v. Sheldon (I),*[4] counsel stated that there were no viable issues appropriate for Rule 32 relief.[5] *Id.*, Exh. "G" at 1.

On June 1, 2015, the Rule 32 court entered its Order granting Petitioner sixty (60) days to file a *pro se* supplemental PCR petition. Answer (Doc. 19), Superior Court of the State of Ariz., Pima County, Case No. CR20124769-001, Order 6/1/2015 (Exh. "H"). Petitioner did not file a *pro se* PCR petition. *See* Answer (Doc. 19), Superior Court of the State of Ariz., Pima County, Case No. CR20124769-001, Order 8/24/2015 (Exh. "I"). Accordingly, the Rule 32 court dismissed Petitioner's PCR petition. *Id.*

Petitioner did not appeal this ruling.

. . .

---

[4] *Montgomery v. Sheldon (I)*, 181 Ariz. 256, 889 P.2d 614 (1995).

[5] The Arizona Supreme Court has held that in Rule 32 proceedings, where counsel concludes that the proceeding has no merit, "a pleading defendant has a right under Ariz. Const. art. 2 § 24 to file a *pro se* PCR petition." *Montgomery (I)*, 181 Ariz. at 260, 889 P.2d at 618. Subsequently, the Arizona Supreme Court affirmed this rule and reiterated:

> If, after conscientiously searching the record for error, appointed counsel in a PCR proceeding finds no tenable issue and cannot proceed, the defendant is entitled to file a pro se PCR.

*State v. Smith*, 184 Ariz. 456, 459, 910 P.2d 1, 4 (1996).

### D. The Instant Habeas Proceeding

On January 22, 2016, Petitioner filed his Amended Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus by a Person in State Custody (Non-Death Penalty) (Doc. 7). Petitioner claims five (5) grounds for relief. First, Petitioner alleges that he was "denied his right to effective assistance of counsel under the Sixth Amendment to the United States Constitution when he requested and was denied the opportunity to consult in private with an attorney." Amended Petition (Doc. 7) at 6. Petitioner further alleged that in addressing this issue, the trial court erred by suppressing the BAC blood draw evidence, rather than dismissing the aggravated DUI count. *Id.* Petitioner also alleged that the trial court further erred by refusing "to allow defense counsel to mention to the jury that Mr. Brown requested to speak with an attorney." *Id.* Second, Petitioner alleges ineffective assistance of counsel, because his PCR counsel "failed to find a colorable claim." *Id.* at 7. Petitioner further alleges that in addition to PCR counsel's alleged failure to contact witnesses, trial counsel also failed to "interview[] the witnesses that were with Mr. Brown on the night he was stopped." *Id.* Third, Petitioner claims that he was "denied Due Process of law under the 5th and 14th Amendment[s] to the United States Constitution when he was found guilty by a jury for aggravated D.U.I. where the only evidence the State presented at trial was officer testimony." Amended Petition (Doc. 7) at 8. Petitioner further alleges that "[d]uring trial, the only evidence presented by the State where [sic] the testimony of two police officers, who both testified to there [sic] interactions with Mr. Brown which were inconsistent to one another[.]" *Id.* Fourth, Petitioner asserts that he "was denied Due Process of law under the 5th and 14th

Amendment to the United States Constitution when he was deprived of his freedom and taken into custody without being given *Miranda* warning [sic]." *Id.* at 9. Petitioner alleges that he "invoked his *Miranda* rights, on the night he was stopped . . . [and] officers never attempted or even read Mr. Brown his rights." *Id.* Fifth, Petitioner alleges that he was "denied his right to effective assistance of counsel and Due Process which is under the Sixth, Fith [sic], and 14th Amendments to the United States Constitution when counsel failed to petition the court for an evidentiary hearing after the blood draw was suppressed." *Id.* at 9A. Petitioner now seeks "an evidentiary hearing pursuant to *Brady* which requires the assignment of counsel which is governed by section [sic] 3006A of title [sic] 18." *Id.*

On May 3, 2016, Respondents filed their Answer (Doc. 19). Petitioner filed a Limited Reply to Respondent's Limited Answer to Petition for Writ of Habeas Corpus ("Reply") (Doc. 26). Petitioner asserts that ineffective assistance of counsel should excuse any procedural default that may have occurred. *See* Reply (Doc. 26) at 3-12. Petitioner reiterates his position that the trial court admitted "evidence in violation of the exclusionary rule[;]" denied Petitioner his right to a fair trial by excluding evidence of Petitioner's request for counsel; he received ineffective assistance of PCR counsel; that the officers presented conflicting testimony at trial; his *Miranda* warnings were not given; and after reconsideration of his motion to suppress, Petitioner never received an evidentiary hearing, and his trial counsel never requested one. Reply (Doc. 26) at 4-12–10-12.

## II.    STANDARD OF REVIEW

### A.  In General

The federal courts shall "entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody *in violation of the Constitution or laws of treaties of the United States*." 28 U.S.C. § 2254(a) (emphasis added).  Moreover, a petition for habeas corpus by a person in state custody:

> shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim – (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d); *see also Cullen v. Pinholster*, 563 U.S. 170, 131 S.Ct. 1388, 1398, 179 L.Ed.2d 557 (2011).  Correcting errors of state law is not the province of federal habeas corpus relief.  *Estelle v. McGuire*, 502 U.S. 62, 67, 112 S.Ct. 475, 480, 116 L.Ed.2d 385 (1991).  Ultimately, "[t]he statute's design is to 'further the principles of comity, finality, and federalism.'"  *Panetti v. Quarterman*, 551 U.S. 930, 945, 127 S.Ct. 2842, 2854, 168 L.Ed.2d 662 (2007) (quoting *Miller-El v. Cockrell*, 537 U.S. 322, 337, 123 S.Ct. 1029, 154 L.Ed.2d 931 (2003)).  Furthermore, this standard is difficult to meet and highly deferential "for evaluating state-court rulings, [and] which demands that state-court decisions be given the benefit of the doubt."  *Pinholster*, 131 S.Ct. at 1398 (citations and internal quotation marks omitted).

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 110 Stat. 1214, mandates the standards for federal habeas review. *See* 28 U.S.C. § 2254. The "AEDPA erects a formidable barrier to federal habeas relief for prisoners whose claims have been adjudicated in state court." *Burt v. Titlow*, — U.S. —, 134 S.Ct. 10, 16, 187 L.Ed.2d 348 (2013). Federal courts reviewing a petition for habeas corpus must "presume the correctness of state courts' factual findings unless applicants rebut this presumption with 'clear and convincing evidence.'" *Schriro v. Landrigan*, 550 U.S. 465, 473–74, 127 S.Ct. 1933, 1940, 167 L.Ed.2d 836 (2007) (citing 28 U.S.C. § 2254(e)(1)). Moreover, on habeas review, the federal courts must consider whether the state court's determination was unreasonable, not merely incorrect. *Id.*, 550 U.S. at 473, 127 S.Ct. at 1939; *Gulbrandson v. Ryan*, 738 F.3d 976, 987 (9th Cir. 2013). Such a determination is unreasonable where a state court properly identifies the governing legal principles delineated by the Supreme Court, but when the court applies the principles to the facts before it, arrives at a different result. *See Harrington v. Richter*, 562 U.S. 86, 131 S.Ct. 770, 178 L.Ed.2d 624 (2011); *Williams v. Taylor*, 529 U.S. 362, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000); *see also Casey v. Moore*, 386 F.3d 896, 905 (9th Cir. 2004). "AEDPA requires 'a state prisoner [to] show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error . . . beyond any possibility for fairminded disagreement.'" *Burt*, 134 S.Ct. at 10 (quoting *Harrington*, 562 U.S. at 103, 131 S.Ct. at 786–87) (alterations in original).

. . .

. . .

### B. Exhaustion of State Remedies

Prior to application for a writ of habeas corpus, a person in state custody must exhaust all of the remedies available in the State courts. 28 U.S.C. § 2254(b)(1)(A). This "provides a simple and clear instruction to potential litigants: before you bring any claims to federal court, be sure that you first have taken each one to state court." *Rose v. Lundy*, 455 U.S. 509, 520, 102 S.Ct. 1198, 1204, 71 L.Ed.2d 379 (1982). As such, the exhaustion doctrine gives the State "the opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Baldwin v. Reese*, 541 U.S. 27, 29, 124 S.Ct. 1347, 1349, 158 L.Ed. 2d 64 (2004) (internal quotations omitted). Moreover, "[t]he exhaustion doctrine is principally designed to protect the state courts' role in the enforcement of federal law and prevent disruption of state judicial proceedings." *Rose*, 455 U.S. at 518, 102 S.Ct. at 1203 (internal citations omitted). This upholds the doctrine of comity which "teaches that one court should defer action on causes properly within its jurisdiction until the courts of another sovereignty with concurrent powers, and already cognizant of the litigation, have had an opportunity to pass upon the matter." *Id.* (quoting *Darr v. Burford*, 339 U.S. 200, 204, 70 S.Ct. 587, 590, 94 L.Ed. 761 (1950)).

Section 2254(c) provides that claims "shall not be deemed . . . exhausted" so long as the applicant "has the right under the law of the State to raise, by any available procedure the question presented." 28 U.S.C. § 2254(c). "[O]nce the federal claim has been fairly presented to the state courts, the exhaustion requirement is satisfied." *Picard v. Connor*, 404 U.S. 270, 275, 92 S.Ct. 509, 512, 30 L.Ed.2d 438 (1971). The fair presentation requirement mandates that a state prisoner must alert the state court "to the

presence of a federal claim" in his petition, simply labeling a claim "federal" or expecting the state court to read beyond the four corners of the petition is insufficient. *Baldwin v. Reese*, 541 U.S. 27, 33, 124 S.Ct. 1347, 1351, 158 L.Ed.2d 64 (2004) (rejecting petitioner's assertion that his claim had been "fairly presented" because his brief in the state appeals court did not indicate that "he was complaining about a violation of federal law" and the justices having the opportunity to read a lower court decision addressing the federal claims was not fair presentation); *Hiivala v. Wood*, 195 F.3d 1098 (9th Cir. 1999) (holding that petitioner failed to exhaust federal due process issue in state court because petitioner presented claim in state court only on state grounds). Furthermore, in order to "fairly present" one's claims, the prisoner must do so "in each appropriate state court." *Baldwin*, 541 U.S. at 29, 124 S.Ct. at 1349. "Generally, a petitioner satisfies the exhaustion requirement if he properly pursues a claim (1) throughout the entire direct appellate process of the state, or (2) throughout one entire judicial postconviction process available in the state." *Casey v. Moore*, 386 F.3d 896, 916 (9th Cir. 2004) (quoting Liebman & Hertz, *Federal Habeas Corpus Practice and Procedure*, § 23.3b (9th ed. 1998)).

In Arizona, however, for non-capital cases "review need not be sought before the Arizona Supreme Court in order to exhaust state remedies." *Swoopes v. Sublett*, 196 F.3d 1008, 1010 (9th Cir. 1999); *see also Crowell v. Knowles*, 483 F.Supp.2d 925 (D. Ariz. 2007); *Moreno v. Gonzalez*, 192 Ariz. 131, 962 P.2d 205 (1998). Additionally, the Supreme Court has further interpreted § 2254(c) to recognize that once the state courts have ruled upon a claim, it is not necessary for an applicant to seek collateral relief for

the same issues already decided upon direct review. *Castille v. Peoples*, 489 U.S. 346, 350, 109 S.Ct. 1056, 1060, 103 L.Ed.2d 380 (1989).

### C. Procedural Default

"A habeas petitioner who has defaulted his federal claims in state court meets the technical requirements for exhaustion; there are no state remedies any longer 'available' to him." *Coleman v. Thompson*, 501 U.S. 722, 732, 111 S.Ct. 2546, 2555, 115 L.Ed.2d 650 (1991). Moreover, federal courts "will not review a question of federal law decided by a state court if the decision of that court rests on a state law ground that is independent of the federal question and adequate to support the judgment." *Id.*, 501 U.S. at 728, 111 S.Ct. at 2254. This is true whether the state law basis is substantive or procedural. *Id.* (citations omitted). Such claims are considered procedurally barred from review. *See Wainwright v. Sykes*, 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977).

The Ninth Circuit Court of Appeals explained the difference between exhaustion and procedural default as follows:

> The exhaustion doctrine applies when the state court has never been presented with an opportunity to consider a petitioner's claims and that opportunity may still be available to the petitioner under state law. In contrast, the procedural default rule barring consideration of a federal claim applies only when a state court has been presented with the federal claim, but declined to reach the issue for procedural reasons, or if it is clear that the state court would hold the claim procedurally barred. *Franklin v. Johnson*, 290 F.3d 1223, 1230 (9th Cir. 2002) (internal quotation marks and citations omitted). Thus, in some circumstances, a petitioner's failure to exhaust a federal claim in state court may *cause* a procedural default. *See Sandgathe v. Maass*, 314 F.3d 371, 376 (9th Cir. 2002); *Beaty v. Stewart*, 303 F.3d 975, 987 (9th Cir. 2002) ("A claim is procedurally defaulted 'if the petitioner failed to exhaust state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred.'")

(quoting *Coleman v. Thompson*, 501 U.S. 722, 735 n. 1, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991)).

*Cassett v. Stewart*, 406 F.3d 614, 621 n. 5 (9th Cir. 2005). Thus, a prisoner's habeas petition may be precluded from federal review due to procedural default in two ways. First, where the petitioner presented his claims to the state court, which denied relief based on independent and adequate state grounds. *Coleman*, 501 U.S. at 728, 111 S.Ct. at 2254. Federal courts are prohibited from review in such cases because they have "no power to review a state law determination that is sufficient to support the judgment, resolution of any independent federal ground for the decision could not affect the judgment and would therefore be advisory." *Id.* Second, where a "petitioner failed to exhaust state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred." *Id.* at 735 n.1, 111 S.Ct. at 2557 n.1 (citations omitted). Thus, the federal court "must consider whether the claim could be pursued by any *presently available* state remedy." *Cassett*, 406 F.3d at 621 n.6 (quoting *Ortiz v. Stewart*, 149 F.3d 923, 931 (9th Cir. 1998)) (emphasis in original).

Where a habeas petitioner's claims have been procedurally defaulted, the federal courts are prohibited from subsequent review unless the petitioner can show cause and actual prejudice as a result. *Teague v. Lane*, 489 U.S. 288, 298, 109 S.Ct. 1060, 1068, 103 L.Ed.2d 334 (1989) (holding that failure to raise claims in state appellate proceeding barred federal habeas review unless petitioner demonstrated cause and prejudice); *see also Smith v. Murray*, 477 U.S. 527, 534, 106 S.Ct. 2661, 2666, 91 L.Ed.2d 434 (1986)

(recognizing "that a federal habeas court must evaluate appellate defaults under the same standards that apply when a defendant fails to preserve a claim at trial."). "[T]he existence of cause for a procedural default must ordinarily turn on whether the prisoner can show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." *Murray v. Carrier*, 477 U.S. 478, 488, 106 S.Ct. 2639, 2645, 91 L.Ed.2d 397 (1986); *see also Martinez-Villareal v. Lewis*, 80 F.3d 1301, 1305 (9th Cir. 1996) (petitioner failed to offer any cause "for procedurally defaulting his claims of ineffective assistance of counsel, [as such] there is no basis on which to address the merits of his claims."). In addition to cause, a habeas petitioner must show actual prejudice, meaning that he "must show not merely that the errors . . . created a *possibility* of prejudice, but that they worked to his *actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *Murray*, 477 U.S. at 494, 106 S.Ct. at 2648 (emphasis in original) (internal quotations omitted). Without a showing of both cause and prejudice, a habeas petitioner cannot overcome the procedural default and gain review by the federal courts. *Id.*, 106 S.Ct. at 2649.

The Supreme Court has recognized, however, that "the cause and prejudice standard will be met in those cases where review of a state prisoner's claim is necessary to correct 'a fundamental miscarriage of justice.'" *Coleman v. Thompson*, 501 U.S. 722, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991) (quoting *Engle v. Isaac*, 456 U.S. 107, 135, 102 S.Ct. 1558, 1572–73, 71 L.Ed.2d 783 (1982)). "The fundamental miscarriage of justice exception is available 'only where the prisoner *supplements* his constitutional claim with a colorable showing of factual innocence.'" *Herrara v. Collins*, 506 U.S. 390, 404, 113

S.Ct. 853, 862, 122 L.Ed.2d 203 (1993) (emphasis in original) (quoting *Kuhlmann v. Wilson*, 477 U.S. 436, 454, 106 S.Ct. 2616, 2627, 91 L.Ed.2d 364 (1986)). Thus, "'actual innocence' is not itself a constitutional claim, but instead a gateway through which a habeas petitioner must pass to have his otherwise barred constitutional claim considered on the merits." *Herrara*, 506 U.S. at 404, 113 S.Ct. at 862. Further, in order to demonstrate a fundamental miscarriage of justice, a habeas petitioner must "establish by clear and convincing evidence that but for the constitutional error, no reasonable factfinder would have found [him] guilty of the underlying offense." 28 U.S.C. § 2254(e)(2)(B).

In Arizona, a petitioner's claim may be procedurally defaulted where he has waived his right to present his claim to the state court "at trial, on appeal or in any previous collateral proceeding." Ariz. R. Crim. P. 32.2(a)(3). "If an asserted claim is of sufficient constitutional magnitude, the state must show that the defendant 'knowingly, voluntarily and intelligently' waived the claim." *Id.*, 2002 cmt. Neither Rule 32.2 nor the Arizona Supreme Court has defined claims of "sufficient constitutional magnitude" requiring personal knowledge before waiver. *See id.*; *see also Stewart v. Smith*, 202 Ariz. 446, 46 P.3d 1067 (2002). The Ninth Circuit Court of Appeals recognized that this assessment "often involves a fact-intensive inquiry" and the "Arizona state courts are better suited to make these determinations." *Cassett*, 406 F.3d at 622.

. . .

. . .

. . .

- 17 -

## III.    STATUTE OF LIMITATIONS

As a threshold matter, the Court must consider whether Petitioner's petition is barred by the statute of limitation. *See White v. Klizkie*, 281 F.3d 920, 921–22 (9th Cir. 2002). The AEDPA mandates that a one-year statute of limitations applies to applications for a writ of habeas corpus by a person in state custody. 28 U.S.C. § 2244(d)(1). Section 2244(d)(1) provides that the limitations period shall run from the latest of:

> (A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)    the date on which the impediment to filing an application created by the State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1); *Shannon v. Newland*, 410 F.3d 1083 (9th Cir. 2005). "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). Respondents do not dispute the timeliness of Brown's petition. The Court has independently reviewed the record and finds that the Amended Petition (Doc. 7) is timely pursuant to 28 U.S.C. § 2244(d)(1)(A).

# IV. ANALYSIS

## A. *Ground One: Denial of Counsel*

Petitioner asserts that he "was denied his right to effective assistance of counsel under the Sixth Amendment to the United States Constitution when he requested and was denied the opportunity to consult in private with an attorney." Amended Petition (Doc. 7) at 6. Petitioner further alleges that instead of suppressing the BAC blood draw, the trial court was required to dismiss the aggravated DUI count. *Id.* Petitioner also asserts that he was prejudiced because the trial judge "refused to allow defense counsel to mention to the jury that Mr. Brown requested to speak with an attorney. *Id.* Respondents assert that Petitioner did not "fairly present" the claims regarding his request for counsel or the trial court's refusal to dismiss the aggravated DUI charges to the state court. Answer (Doc. 19) at 8. Respondents further assert that Petitioner did not raise the trial court's refusal to allow mention of Mr. Brown's request for counsel before the state court at all. *Id.*

### 1. Request for counsel

Petitioner asserts that he "was denied his right to effective assistance of counsel under the Sixth Amendment to the United States Constitution when he requested and was denied the opportunity to consult in private with an attorney." Amended Petition (Doc. 7) at 6. He raised this issue to the trial court in his Motion to Suppress Evidence and Dismiss Counts for Violation of Right to Counsel. *See* Amended Petition (Doc. 7), Ariz. Superior Ct., Pima County, Case No. CR20124769-001, In Chambers Ruling Re: Motion to Reconsider 10/10/2013 (Exh. "1") at 1. After an initial denial of the motion, the trial

court reconsidered its previous order and granted the motion to suppress, but again denied the motion to dismiss. *See id.*, Exh. "1".

Petitioner did not raise this claim to the Arizona Court of Appeals. Although he raised whether the trial court should have dismissed the charges, Petitioner did not address any perceived Sixth Amendment violation. *See* Answer (Doc. 19), Appellant's Opening Br. 3/3/2014 (Exh. "B"). Accordingly, Petitioner cannot be said to have exhausted this claim. *See Casey v. Moore*, 386 F.3d 896, 916 (9th Cir. 2004) (citations omitted) (exhaustion requires pursuing a claim throughout an entire direct appellate or post-conviction process in the state).

Furthermore, Petitioner's claim would now be precluded by the Arizona courts. Ariz. R. Crim. P. 32.1(d)–(h), 32.2(a)(3), 32.4; *see also Baldwin v. Reese*, 541 U.S. 27, 29, 124 S.Ct. 1347, 1349, 158 L.Ed.2d 64 (2004) (in order to "fairly present" one's claims, the prisoner must do so "in each appropriate state court"). Therefore, Petitioner's claim is procedurally defaulted. *Coleman v. Thompson*, 501 U.S. 722, 735 n.1, 111 S.Ct. 2546, 2557 n.1, 115 L.Ed.2d 640 (1991) ("petitioner failed to exhaust state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred").

Where a habeas petitioner's claims have been procedurally defaulted, the federal courts are prohibited from subsequent review unless the petitioner can show cause and actual prejudice as a result. *Teague v. Lane*, 489 U.S. 288, 298, 109 S.Ct. 1060, 1068, 103 L.Ed.2d 334 (1989) (holding that failure to raise claims in state appellate proceeding barred federal habeas review unless petitioner demonstrated cause and prejudice).

- 20 -

Petitioner has not met his burden to show either cause or actual prejudice. *Murray v. Carrier*, 477 U.S. 478, 494, 106 S.Ct. 2639, 2648, 91 L.Ed.2d 397 (1986) (Petitioner "must show not merely that the errors . . . created a *possibility* of prejudice, but that they worked to his *actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions") (emphasis in original) (internal quotations omitted); *see also Martinez-Villareal v. Lewis*, 80 F.3d 1301, 1305 (9th Cir. 1996) (petitioner failed to offer any cause "for procedurally defaulting his claims[,] . . . [and as such,] there is no basis on which to address the merits of his claims.").

As such, Petitioner's claim for a Sixth Amendment violation when he requested and was denied the opportunity to consult in private with an attorney cannot stand.

## 2. Dismissal of Charges

Petitioner raised the issue of the trial court's refusal to dismiss the DUI charges as a sanction against the police's failure to accommodate Petitioner's request to contact his attorney in his Opening Brief on direct appeal to the Arizona Court of Appeals. Answer (Doc. 19), Appellant's Opening Br. 3/3/2014 (Exh. "B") at 1. Petitioner cited only Arizona state procedural rules and state law in his argument to the state court of appeals. *Id.* at 8–16. Similarly, the Arizona Court of Appeals relied solely on Arizona law and procedure to find that the trial court "did not err in refusing to dismiss the charges against [Petitioner]." Answer (Doc. 19), Ariz. Ct. App. Memorandum Decision 8/27/2014 (Exh. "A") at 9 (citing *State v. Rosengren*, 199 Ariz. 112, ¶¶ 16, 35, 14 P.3d 303, 309, 313 (Ct. App. 2000)).

As discussed in Section II.B., *supra*, the fair presentation requirement mandates

that a state prisoner must alert the state court "to the presence of a federal claim" in his petition, simply labeling a claim "federal" or expecting the state court to read beyond the four corners of the petition is insufficient. *Baldwin v. Reese*, 541 U.S. 27, 33, 124 S.Ct. 1347, 1351, 158 L.Ed.2d 64 (2004). "If a petitioner fails to alert the state court to the fact that he is raising a federal constitutional claim, his federal claim is unexhausted regardless of its similarity to the issues raised in state court." *Johnson v. Zenon*, 88 F.3d 828, 830 (9th Cir. 1996).

Accordingly, this claim is unexhausted and would now be precluded. Ariz. R. Crim. P. 32.1(d)–(h), 32.2(a)(3), 32.4; *see also Baldwin v. Reese*, 541 U.S. 27, 29, 124 S.Ct. 1347, 1349, 158 L.Ed.2d 64 (2004) (in order to "fairly present" one's claims, the prisoner must do so "in each appropriate state court"). Therefore, Petitioner's claim is procedurally defaulted. *Coleman v. Thompson*, 501 U.S. 722, 735 n. 1, 111 S.Ct. 2546, 2557 n. 1, 115 L.Ed.2d 640 (1991) ("petitioner failed to exhaust state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred").

Where a habeas petitioner's claims have been procedurally defaulted, the federal courts are prohibited from subsequent review unless the petitioner can show cause and actual prejudice as a result. *Teague v. Lane*, 489 U.S. 288, 298, 109 S.Ct. 1060, 1068, 103 L.Ed.2d 334 (1989) (holding that failure to raise claims in state appellate proceeding barred federal habeas review unless petitioner demonstrated cause and prejudice). Petitioner has not met his burden to show either cause or actual prejudice. *Murray v. Carrier*, 477 U.S. 478, 494, 106 S.Ct. 2639, 2648, 91 L.Ed.2d 397 (1986) (Petitioner

"must show not merely that the errors . . . created a *possibility* of prejudice, but that they worked to his *actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions") (emphasis in original) (internal quotations omitted); *see also Martinez-Villareal v. Lewis*, 80 F.3d 1301, 1305 (9th Cir. 1996) (petitioner failed to offer any cause "for procedurally defaulting his claims[,] . . . [and as such,] there is no basis on which to address the merits of his claims.").

As such, Petitioner's claim that the trial court erred by refusing to dismiss his aggravated DUI charges is without merit.

### 3. Mention of Request for Counsel Before the Jury

Petitioner asserts that "[d]uring trial the Judge refused to allow defense counsel to mention to the jury that Mr. Brown requested to speak with an attorney." Amended Petition (Doc. 7) at 6. Petitioner argues that this denied him of his right to a fair trial. Reply (Doc. 26) at 5-12.

Petitioner did not raise this claim to the Arizona Court of Appeals. Accordingly, Petitioner cannot be said to have exhausted this claim. *See Casey v. Moore*, 386 F.3d 896, 916 (9th Cir. 2004) (citations omitted) (exhaustion requires pursuing a claim throughout an entire direct appellate or post-conviction process in the state).

Furthermore, Petitioner's claim would now be precluded by the Arizona courts. Ariz. R. Crim. P. 32.1(d)–(h), 32.2(a)(3), 32.4; *see also Baldwin v. Reese*, 541 U.S. 27, 29, 124 S.Ct. 1347, 1349, 158 L.Ed.2d 64 (2004) (in order to "fairly present" one's claims, the prisoner must do so "in each appropriate state court"). Therefore, Petitioner's claim is procedurally defaulted. *Coleman v. Thompson*, 501 U.S. 722, 735 n.1, 111 S.Ct.

2546, 2557 n.1, 115 L.Ed.2d 640 (1991) ("petitioner failed to exhaust state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred").

Where a habeas petitioner's claims have been procedurally defaulted, the federal courts are prohibited from subsequent review unless the petitioner can show cause and actual prejudice as a result. *Teague v. Lane*, 489 U.S. 288, 298, 109 S.Ct. 1060, 1068, 103 L.Ed.2d 334 (1989) (holding that failure to raise claims in state appellate proceeding barred federal habeas review unless petitioner demonstrated cause and prejudice). Petitioner has not met his burden to show either cause or actual prejudice. *Murray v. Carrier*, 477 U.S. 478, 494, 106 S.Ct. 2639, 2648, 91 L.Ed.2d 397 (1986) (Petitioner "must show not merely that the errors . . . created a *possibility* of prejudice, but that they worked to his *actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions") (emphasis in original) (internal quotations omitted); *see also Martinez-Villareal v. Lewis*, 80 F.3d 1301, 1305 (9th Cir. 1996) (petitioner failed to offer any cause "for procedurally defaulting his claims[,] . . . [and as such,] there is no basis on which to address the merits of his claims.").

As such, Petitioner's claim for a Sixth Amendment violation as a result of the trial court's limitation on discussion of Petitioner's request for an attorney before the jury cannot stand.

### B.     *Ground Two:  Ineffective Assistance of Counsel*

#### 1.  Legal Standards

For cases which have been fairly presented to the State court, the Supreme Court

elucidated a two part test for determining whether a defendant could prevail on a claim of ineffective assistance of counsel sufficient to overturn his conviction. *See Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). First, Petitioner must show that counsel's performance was deficient. *Id.* at 687, 104 S.Ct. at 2064. "This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* Second, Petitioner must show that this performance prejudiced his defense. *Id.* Prejudice "requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial whose result is reliable." *Id.* Ultimately, whether or not counsel's performance was effective hinges on its reasonableness under prevailing professional norms. *Strickland*, 466 U.S. at 688, 104 S.Ct. at 2065; *see also State v. Carver*, 160 Ariz. 167, 771 P.2d 1382 (1989) (adopting *Strickland* two-part test for ineffective assistance of counsel claims). The Sixth Amendment's guarantee of effective assistance is not meant to "improve the quality of legal representation," rather it is to ensure the fairness of trial. *Strickland*, 466 U.S. at 689, 104 S.Ct. at 2065. "Thus, '[t]he benchmark for judging any claim of ineffectiveness must be whether counsel's conduct *so undermined* the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result.'" *Cullen v. Pinholster*, 563 U.S. 170, 131 S.Ct. 1388, 1403, 179 L.Ed.2d 557 (2011) (quoting *Strickland*, 466 at 686) (emphasis and alteration in original).

"The standards created by *Strickland* and § 2254(d) are both 'highly deferential,' . . . and when the two apply in tandem, review is 'doubly' so[.]" *Harrington v. Richter*, 562 U.S. 86, 105, 131 S.Ct. 770, 788, 178 L.Ed.2d 624 (2011) (citations omitted).

Judging counsel's performance must be made without the influence of hindsight. *See Strickland*, 466 U.S. at 689, 104 S.Ct. at 2065. As such, "the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Id.* (quoting *Michel v. Louisiana*, 350 U.S. 91, 101, 76 S.Ct. 158, 164, 100 L.Ed. 83 (1955)). Without the requisite showing of either "deficient performance" or "sufficient prejudice," Petitioner cannot prevail on his ineffectiveness claim. *Strickland*, 466 U.S. at 700, 104 S.Ct. at 2071. "[T]he question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied *Strickland's* deferential standard." *Gentry v. Sinclair*, 705 F.3d 884, 899 (9th Cir. 2013) (quoting *Harrington*, 562 U.S. at 105, 131 S.Ct. at 788) (alterations in original). "The challenger's burden is to show 'that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment.'" *Harrington*, 562 U.S. at 104, 131 S.Ct. at 787 (quoting *Strickland*, 466 U.S. at 689, 104 S.Ct. 2052). Accordingly, "[w]e apply the doubly deferential standard to review the state court's 'last reasoned decision.'" *Vega v. Ryan*, 757 F.3d 960, 966 (9th Cir. 2014) (citations omitted). "By its terms § 2254(d) bars relitigation of any claim 'adjudicated on the merits' in state court, subject only to the exceptions in 2254(d)(1) and (d)(2)." *Harrington*, 131 U.S. at 98, 131 S.Ct. at 784. As such, Petitioner also bears the burden of showing that the state court applied *Strickland* to the facts of his case in an objectively unreasonable manner. *See Bell v. Cone*, 535 U.S. 685, 698–99, 122 S.Ct. 1843, 1852, 152 L.Ed.2d 914 (2002); *see also* 28 U.S.C. § 2254(d).

Additionally, "[a]s a general matter, each 'unrelated alleged instance [ ] of

counsel's ineffectiveness' is a separate claim for purposes of exhaustion." *Gulbrandson v. Ryan*, 738 F.3d 976, 992 (9th Cir. 2013) (quoting *Moormann v. Schriro*, 426 F.3d 1044, 1056 (9th Cir. 2005)) (alterations in original). This means "all operative facts to an ineffective assistance claim must be presented to the state courts in order for a petitioner to exhaust his remedies." *Hemmerle v. Schriro*, 495 F.3d 1069, 1075 (9th Cir. 2007). This is "[b]ecause ineffective assistance claims are not fungible, but are instead highly fact-dependent, [requiring] some baseline explication of the facts relating to it[.]" *Id.* As such, "a petitioner who presented any ineffective assistance of counsel claim below can[not] later add unrelated instances of counsel's ineffectiveness to that claim." *Id.* (citations and internal quotations omitted); *see also Date v. Schriro*, 619 F.Supp.2d 736, 788 (D. Ariz. 2008) ("Petitioner's assertion of a claim of ineffective assistance of counsel based on one set of facts, does not exhaust other claims of ineffective assistance based on different facts").

### 2. PCR Counsel

Petitioner claims that he was "denied his right to effective assistance of counsel under the Sixth Amendment to the United States Constitution when counsel for Mr. Brown's Post Conviction Relief failed to find a colorable claim." Amended Petition (Doc. 7) at 7. Petitioner further asserts that if PCR counsel "had conducted a thorough investigation on both witnesses there is a reasonable probability that the witnesses would have been able to contradict the arresting officer's allegations, and the outcome would have been different." *Id.* Respondents assert that Petitioner failed to exhaust this claim, because he did not present it to the Arizona courts. Answer (Doc. 19) at 13.

Petitioner failed to file a *pro se* PCR petition or otherwise appeal PCR counsel's *Montgomery* petition. *See* Answer (Doc. 19), Superior Court of the State of Ariz., Pima County, Case No. CR20124769-001, Order 8/24/2015 (Exh. "I").

"The Supreme Court has told us that a person cannot raise a claim of ineffective assistance of post-conviction relief counsel because he is not entitled to post-conviction relief counsel, but that is subject to an exception where trial counsel was ineffective and the claim could not be raised earlier." *Hunton v. Sinclair*, 732 F.3d 1124, 1126 (9th Cir. 2013); *see also* 28 U.S.C. § 2254(i). As such, a claim that PCR counsel was ineffective may support an equitable remedy to allow a federal habeas petitioner in particular circumstances to attempt to overcome procedural bars to a claim that trial counsel was ineffective, but there is no freestanding constitutional claim. *See Martinez v. Ryan*, – U.S. –, 132 S.Ct. 1309, 1319–20, 182 L.Ed.2d 272 (2012). Thus, even if Petitioner had properly exhausted his claim, he is not entitled to federal habeas relief.

### 3. Ineffective Assistance of Trial Counsel

Petitioner claims that his trial counsel was ineffective for allegedly "never interview[ing] the witnesses that were with Mr. Brown on the night he was stopped." Amended Petition (Doc. 7) at 7. Respondents assert that Petitioner failed to exhaust this claim, because he did not present it to the Arizona courts. Answer (Doc. 19) at 13. The Court agrees with Respondent.

Petitioner failed to file a *pro se* PCR petition or otherwise appeal PCR counsel's *Montgomery* petition. *See* Answer (Doc. 19), Superior Court of the State of Ariz., Pima County, Case No. CR20124769-001, Order 8/24/2015 (Exh. "I").

Accordingly, this claim is unexhausted and would now be precluded. Ariz. R. Crim. P. 32.1(d)–(h), 32.2(a)(3), 32.4; *see also Baldwin v. Reese*, 541 U.S. 27, 29, 124 S.Ct. 1347, 1349, 158 L.Ed.2d 64 (2004) (in order to "fairly present" one's claims, the prisoner must do so "in each appropriate state court"). Therefore, Petitioner's claim is procedurally defaulted. *Coleman v. Thompson*, 501 U.S. 722, 735 n. 1, 111 S.Ct. 2546, 2557 n. 1, 115 L.Ed.2d 640 (1991) ("petitioner failed to exhaust state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred").

Where a habeas petitioner's claims have been procedurally defaulted, the federal courts are prohibited from subsequent review unless the petitioner can show cause and actual prejudice as a result. *Teague v. Lane*, 489 U.S. 288, 298, 109 S.Ct. 1060, 1068, 103 L.Ed.2d 334 (1989) (holding that failure to raise claims in state appellate proceeding barred federal habeas review unless petitioner demonstrated cause and prejudice). Petitioner has not met his burden to show either cause or actual prejudice. *Murray v. Carrier*, 477 U.S. 478, 494, 106 S.Ct. 2639, 2648, 91 L.Ed.2d 397 (1986) (Petitioner "must show not merely that the errors . . . created a *possibility* of prejudice, but that they worked to his *actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions") (emphasis in original) (internal quotations omitted); *see also Martinez-Villareal v. Lewis*, 80 F.3d 1301, 1305 (9th Cir. 1996) (petitioner failed to offer any cause "for procedurally defaulting his claims[,] . . . [and as such,] there is no basis on which to address the merits of his claims.").

"*Martinez* established a 'narrow exception' to *Coleman*'s procedural default

principle: 'Inadequate assistance of counsel at initial-review collateral proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial.'" *Pizzuto, Pizzuto v. Ramirez*, 783 F.3d 1171, 1176–77 (9th Cir. 2015) (quoting *Martinez v. Ryan*, — U.S. —, 132 S.Ct. 1309, 1315, 182 L.Ed.2d 272 (2012)). In *Martinez*, the Supreme Court observed that "[t]hese rules [under which a prisoner may establish cause to excuse a procedural default] reflect an equitable judgment that only where a prisoner is impeded or obstructed in complying with the State's established procedures will a federal habeas court excuse the prisoner from the usual sanction of default." *Martinez*, 132 S.Ct. at 1318 (citations omitted). "In applying this standard, *Martinez* made clear that a reviewing court must determine whether the petitioner's attorney in the first collateral proceeding was ineffective under *Strickland*, whether the petitioner's claim of ineffective assistance of trial counsel is substantial, *and* whether there is prejudice." *Sexton v. Cozner*, 679 F.3d 1150, 1159 (9th Cir. 2012) (citing *Martinez*, 132 S.Ct. at 1321.

Here, Petitioner cannot demonstrate that PCR counsel was ineffective, nor can he demonstrate a substantial claim of ineffective assistance of trial counsel. PCR counsel followed up regarding the witnesses. Petitioner admits that he "only had his brothers [sic] information he knew at the time of arrest and never had information of the female passenger." Reply (Doc. 26) at 5-12. PCR counsel informed Petitioner that she had gone "to the Legal Defender's Office to see the entire defense file which include[d] notes made by [trial counsel.]" Amended Petition (Doc. 7), Ltr. from Davis to Brown 5/18/2015 (Exh. "2"). PCR counsel further informed Petitioner that she had unsuccessfully tried to

telephone his brother at the telephone number that Petitioner provided, as well as write him. *Id.*, Exh. "2." Additionally, PCR counsel reviewed trial counsel's notes from her interview with Petitioner's brother, which said, "no court," and spoke with trial counsel who indicated that she made a decision not to put Petitioner's brother on the stand. *Id.*, Exh. "2." As such, Petitioner cannot "overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Strickland*, 466 U.S. at 689, 104 S.Ct. at 2065 (quoting *Michel v. Louisiana*, 350 U.S. 91, 101, 76 S.Ct. 158, 164, 100 L.Ed. 83 (1955)). Neither trial counsel nor PCR counsel may be deemed ineffective. As such, Petitioner cannot establish cause to excuse the procedural default of his ineffective assistance of trial counsel claim, and it must be dismissed.

### C. Ground Three: Due Process

Petitioner asserts that he "was denied Due Process of Law under the 5th and 14th Amendment to the United States Constitution . . . where the only evidence the State presented at trial was officer testimony." Amended Petition (Doc. 7) at 8. Petitioner alleges that "[d]uring trial, the only evidence presented by the State where [sic] the testimony of two police officers, who both testified to there [sic] interactions with Mr. Brown which were inconsistent to one another[.]" *Id.* Respondents assert that "Petitioner concedes he did not raise these claims in the state courts[,] . . . [and] [t]he state-court record supports th[is] concession[]." Answer (Doc. 19) at 9.

Petitioner did not raise this issue on direct appeal or collateral review. *See* Answer (Doc. 19), Appellant's Opening Br. 5/16/2014 (Exh. "C") & Appellant's Reply Br.

5/16/2014 (Exh. "D") & Arizona Superior Ct., Pima County, Case No. CR20124769-001, In Chambers Ruling Re: Def.'s Petition for PCR (Exh. "I").

Accordingly, this claim is unexhausted and would now be precluded. Ariz. R. Crim. P. 32.1(d)–(h), 32.2(a)(3), 32.4; *see also Baldwin v. Reese*, 541 U.S. 27, 29, 124 S.Ct. 1347, 1349, 158 L.Ed.2d 64 (2004) (in order to "fairly present" one's claims, the prisoner must do so "in each appropriate state court"). Therefore, Petitioner's claim is procedurally defaulted. *Coleman v. Thompson*, 501 U.S. 722, 735 n. 1, 111 S.Ct. 2546, 2557 n. 1, 115 L.Ed.2d 640 (1991) ("petitioner failed to exhaust state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred").

Where a habeas petitioner's claims have been procedurally defaulted, the federal courts are prohibited from subsequent review unless the petitioner can show cause and actual prejudice as a result. *Teague v. Lane*, 489 U.S. 288, 298, 109 S.Ct. 1060, 1068, 103 L.Ed.2d 334 (1989) (holding that failure to raise claims in state appellate proceeding barred federal habeas review unless petitioner demonstrated cause and prejudice). Petitioner has not met his burden to show either cause or actual prejudice. *Murray v. Carrier*, 477 U.S. 478, 494, 106 S.Ct. 2639, 2648, 91 L.Ed.2d 397 (1986) (Petitioner "must show not merely that the errors . . . created a *possibility* of prejudice, but that they worked to his *actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions") (emphasis in original) (internal quotations omitted); *see also Martinez-Villareal v. Lewis*, 80 F.3d 1301, 1305 (9th Cir. 1996) (petitioner failed to offer any cause "for procedurally defaulting his claims[,] . . . [and as such,] there is no basis on

- 32 -

which to address the merits of his claims.").

As such, Petitioner's claim regarding the conflicting officer testimony at trial is without merit.

### D.    *Ground Four:* **Miranda[6] *Warnings***

Petitioner asserts that he "was denied Due Process of Law Under the 5th and 14th Amendment to the United States Constitution when he was deprived of his freedom and taken into custody without being given *Miranda* warning[s]." Amended Petition (Doc. 7) at 9. Respondents assert that this is the first time Petitioner has raised this claim. Answer (Doc. 19) at 15.

A review of the record indicates that Petitioner did not raise this claim to the state courts. *See* Answer (Doc. 19), Appellant's Opening Br. 5/16/2014 (Exh. "C") & Appellant's Reply Br. 5/16/2014 (Exh. "D") & Arizona Superior Ct., Pima County, Case No. CR20124769-001, In Chambers Ruling Re: Def.'s Petition for PCR (Exh. "I").

Accordingly, this claim is unexhausted and would now be precluded. Ariz. R. Crim. P. 32.1(d)–(h), 32.2(a)(3), 32.4; *see also Baldwin v. Reese*, 541 U.S. 27, 29, 124 S.Ct. 1347, 1349, 158 L.Ed.2d 64 (2004) (in order to "fairly present" one's claims, the prisoner must do so "in each appropriate state court"). Therefore, Petitioner's claim is procedurally defaulted. *Coleman v. Thompson*, 501 U.S. 722, 735 n. 1, 111 S.Ct. 2546, 2557 n. 1, 115 L.Ed.2d 640 (1991) ("petitioner failed to exhaust state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred").

---

[6] *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

Where a habeas petitioner's claims have been procedurally defaulted, the federal courts are prohibited from subsequent review unless the petitioner can show cause and actual prejudice as a result. *Teague v. Lane*, 489 U.S. 288, 298, 109 S.Ct. 1060, 1068, 103 L.Ed.2d 334 (1989) (holding that failure to raise claims in state appellate proceeding barred federal habeas review unless petitioner demonstrated cause and prejudice). Petitioner has not met his burden to show either cause or actual prejudice. *Murray v. Carrier*, 477 U.S. 478, 494, 106 S.Ct. 2639, 2648, 91 L.Ed.2d 397 (1986) (Petitioner "must show not merely that the errors . . . created a *possibility* of prejudice, but that they worked to his *actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions") (emphasis in original) (internal quotations omitted); *see also Martinez-Villareal v. Lewis*, 80 F.3d 1301, 1305 (9th Cir. 1996) (petitioner failed to offer any cause "for procedurally defaulting his claims[,] . . . [and as such,] there is no basis on which to address the merits of his claims."). As such, Petitioner's claims as alleged in Ground Four cannot stand.

### E. Ground Five: Evidentiary Hearing

Petitioner asserts that he "was denied his right to effective assistance of counsel and Due Process . . . when counsel failed to petition the court for an evidentiary hearing after the blood draw was suppressed" Amended Petition (Doc. 7) at 9A. Respondents assert that Petitioner failed to raise this claim in the state court. Answer (Doc. 19) at 16.

Indeed, Petitioner did not raise this claim to the state courts. *See* Answer (Doc. 19), Appellant's Opening Br. 5/16/2014 (Exh. "C") & Appellant's Reply Br. 5/16/2014 (Exh. "D") & Arizona Superior Ct., Pima County, Case No. CR20124769-001, In

- 34 -

Chambers Ruling Re: Def.'s Petition for PCR (Exh. "I"). Accordingly, this claim is unexhausted and would now be precluded. Ariz. R. Crim. P. 32.1(d)–(h), 32.2(a)(3), 32.4; *see also Baldwin v. Reese*, 541 U.S. 27, 29, 124 S.Ct. 1347, 1349, 158 L.Ed.2d 64 (2004) (in order to "fairly present" one's claims, the prisoner must do so "in each appropriate state court"). Therefore, Petitioner's claim is procedurally defaulted. *Coleman v. Thompson*, 501 U.S. 722, 735 n. 1, 111 S.Ct. 2546, 2557 n. 1, 115 L.Ed.2d 640 (1991) ("petitioner failed to exhaust state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred").

Where a habeas petitioner's claims have been procedurally defaulted, the federal courts are prohibited from subsequent review unless the petitioner can show cause and actual prejudice as a result. *Teague v. Lane*, 489 U.S. 288, 298, 109 S.Ct. 1060, 1068, 103 L.Ed.2d 334 (1989) (holding that failure to raise claims in state appellate proceeding barred federal habeas review unless petitioner demonstrated cause and prejudice). Petitioner has not met his burden to show either cause or actual prejudice. *Murray v. Carrier*, 477 U.S. 478, 494, 106 S.Ct. 2639, 2648, 91 L.Ed.2d 397 (1986) (Petitioner "must show not merely that the errors . . . created a *possibility* of prejudice, but that they worked to his *actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions") (emphasis in original) (internal quotations omitted); *see also Martinez-Villareal v. Lewis*, 80 F.3d 1301, 1305 (9th Cir. 1996) (petitioner failed to offer any cause "for procedurally defaulting his claims[,] . . . [and as such,] there is no basis on which to address the merits of his claims."). Furthermore, as Respondents note, "[i]t is

difficult to discern why counsel would request *another* evidentiary hearing after the trial court had already conducted one and, at least in part, ruled in Petitioner's favor." Answer (Doc. 19) at 16 (emphasis in original). As such, Petitioner's claim for ineffective assistance and due process violations regarding an evidentiary hearing after winning his motion to suppress must be dismissed. Moreover, there is no reason for an evidentiary hearing before this Court. *See* 28 U.S.C. § 2254; *Cullen v. Pinholster*, 563 U.S. 170, 185–86, 131 S.Ct. 1388, 1401, 179 L.Ed.2d 557 (2011).

### F. Conclusion

In light of the foregoing, the Court finds that Petitioner's habeas claims are without merit, and the Amended Petition (Doc. 7) shall be denied.

## V. MOTION TO GRANT WRIT

Also pending before the Court is Petitioner's Ademdum [sic]–Motion to Grant Writ (Doc. 34). As an initial matter, Respondents properly filed their answer limited to relevant affirmative defenses. *See* Order 2/8/2016 (Doc. 9) at 4; Answer (Doc. 19). In light of the report and recommendation herein, to the extent that Petitioner seeks a ruling by the Court, his motion is granted. It is denied in all other respects.

## VI. RECOMMENDATION

For the reasons delineated above, the Magistrate Judge recommends that the District Judge enter an order DENYING Petitioner's Amended Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus by a Person in State Custody (Non-Death Penalty) (Doc. 7) and GRANTING in part and DENYING in part Petitioner's Ademdum [sic]–

Motion to Grant Writ (Doc. 34).

Pursuant to 28 U.S.C. § 636(b) and Rule 72(b)(2), Federal Rules of Civil Procedure, any party may serve and file written objections within fourteen (14) days after being served with a copy of this Report and Recommendation. A party may respond to another party's objections within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b)(2). No replies shall be filed unless leave is granted from the District Court. If objections are filed, the parties should use the following case number: **CV-15-0514-TUC-JGZ**.

Failure to file timely objections to any factual or legal determination of the Magistrate Judge may result in waiver of the right of review. The Clerk of the Court shall send a copy of this Report and Recommendation to all parties.

Dated this 17th day of April, 2017.

Honorable Bruce G. Macdonald
United States Magistrate Judge